OPINION
On December 18, 1992, appellee, James S. Waites, was convicted of one count of felonious sexual penetration, an aggravated felony of the first degree, in violation of R.C. 2907.12, and one count of kidnapping, an aggravated felony of the first degree, in violation of R.C. 2905.01. In a judgment entry filed on January 12, 1993, the Lake County Court of Common Pleas sentenced appellee to serve an indefinite term of incarceration of eight to twenty-five years on each count, the sentences to be served consecutively.
In 1997, the Ohio Department of Rehabilitation and Correction recommended that the trial court schedule a hearing to determine whether appellee was a sexual predator pursuant to R.C. Chapter 2950. On August 25, 1997, the trial court dismissed the sexual predator proceeding without holding a hearing. The trial court did so on the basis that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. However, these arguments were ultimately rejected by the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. Appellant timely appealed, asserting that the statute is constitutional.
Based on the precedent established by the majority of this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, although this writer interposed a dissent to the majority's mandate there that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section1, Article I of the Ohio Constitution, it is clear that the decision in the Williams case controls the outcome here. Hence, I defer to the present controlling authority in this appellate district on the issues raised in this appeal.
 Accordingly, the judgment of the trial court is affirmed. _______________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J.,
O'NEILL, J., concur.